**Wylie Equipment Company, Inc., Plaintiff-Appellee, v. Eugene Alters, et al., Defendants-Appellants.**

**Gen. No. 60–F–10.**

Fourth District.

May 25, 1960.

Gray, Godfrey, and Plattner, of East St. Louis, for appellant.

Zeno Middleton, of Belleville, and McRoberts and Hoban, of East St. Louis, for appellee.

CULBERTSON, J.

This cause comes before us on appeal from a judgment entered by default as against defendants, Eugene Alters, John Alters, John Koch, Richard Stanton, and Theodore Johnson, awarding the amount of $5,126.59 to the plaintiff, Wylie Equipment Company, Inc., and also assessing $4,000 as punitive damages against defendants.

The action was brought to recover money due plaintiff as against five defendants, one of whom is an attorney, residing in Chicago, Illinois; and the other four defendants are all citizens and residents of Beloit, Wisconsin. The five defendants had incorporated their business in the State of Wisconsin and they did business as a corporation in the State of Illinois, without being registered as a foreign corporation. The obligation to plaintiff arose during this period of time. The corporation thereafter filed a voluntary petition in bankruptcy in the United States District Court of Wisconsin and listed plaintiff as one whom it owed money. Plaintiff refused to recognize the corporate status of defendants and refused to recognize the bankruptcy, and filed the present action in the Circuit Court of St. Clair County. Defendants were served with summons under Sections 16 and 17 of the Civil Practice Act. [Ill Rev Stats 1959, c 110, §§ 16, 17]. After a period of thirty days expired and when no answer was on file, an order of default was entered as against all five defendants. Motions were thereafter made by defendants to vacate the order of default and to dismiss the action, and counter-motions were made by plaintiff to strike defendants' motions. The Trial Court ruled in favor of the plaintiff. The defendants thereafter moved to vacate the judgment and on the counter-motion, to strike such motion by the plaintiff. The Court again ruled in favor of the plaintiff. An order had been entered during this period of time extending the time within which to plead on behalf of defendants, but this order on motion, was expunged from the docket on the ground it had been obtained without compliance with Supreme Court Rules.

Defendants on appeal in this Court, contend that the Trial Court abused its discretion when it failed to allow defendants' motion to vacate the default order on the ground that a judgment by default could not be

rendered against defendants when a plea to the merits of the action was on file. There is also a contention that the complaint fails to state a cause of action and therefore could not support the judgment; and also, that the award for punitive damages is not supported by the allegations in the complaint or the testimony.

██ ██ The Supreme Court of this state has determined that the general rule is that when time for pleading has expired and the party has filed a pleading without leave of Court and without consent of the party, the filing thereof is an irregularity which, if not waived, renders the pleading liable, at the discretion of the Court, to be stricken on motion, or disregarded, or treated as a nullity. In the case before us the only order entered in this connection was a docket entry, but there was nothing in the file to show that the docket entry had been made when the default was taken. After this notation of the ex parte application for extension of time was entered on the docket sheet, fifteen days elapsed before plaintiff was made aware of the docket entry granting the so-called extension of time.

This notice was fifteen days after the default order and twenty-three days after the docket entry had been made. The Trial Court, in considering the facts on motion of the plaintiff, treated the docket extension as a nullity. This conclusion of the Court was proper under the facts and circumstances in this case.

In the case before us, specific facts are alleged which justify a recovery from defendants of the amount found by the Court, exclusive of the allowance for punitive damages. The basic issue before us is whether or not the allowance of punitive damages of $4,000 was justified by the complaint and evidence in this cause. The complaint alleged that an oral contract was entered into between defendants, who had been sued as individuals, and plaintiff. The contract

was entered into in December prior to the bankruptcy proceedings in the following March, and a payment thereon was actually received from the corporation by plaintiff, between the time the contract was entered into and the bankruptcy. There was evidence that the credit rating of the Wisconsin corporation was checked by the plaintiff, and it is difficult to ascertain from the complaint and the evidence precisely what misrepresentations were made which would justify the allowance of punitive damages. The only thing on this subject is a conclusion of the pleader that the financial condition of the defendants was misrepresented.

Misrepresentation to support an allegation of fraud or deceit, must be in the form of a statement of fact (Stephens v. Collison, 249 Ill. 225, 94 N. E. 664). It is apparent that the contract was originally made with United Pipe Line Company, as a corporation; and that there was nothing in the conduct of the individuals which could reasonably justify the allowance of punitive damages.

The judgment of the Circuit Court of St. Clair County in the sum of $5126.59 will, therefore, be affirmed; and the judgment assessing $4,000 as punitive damages will be reversed.

Affirmed in part, and reversed in part.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.